IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CORNELIUS BOULARD, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv91 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Cornelius Boulard, Jr., an inmate confined in the Stringfellow Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

On February 7, 2005, in the 252nd Judicial District Court of Jefferson County, Texas, following a trial by jury, petitioner was convicted of possession of a controlled substance. Petitioner was sentenced to a term of twenty-five years imprisonment.

Petitioner appealed his conviction to the Ninth Court of Appeals of Texas. On April 19, 2006, the judgment of the trial court was affirmed. Petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals. The petition was refused on November 1, 2006.

Petitioner filed a state application for writ of habeas corpus on September 9, 2007. On January 9, 2008, the Texas Court of Criminal Appeals denied the application without written order based on the findings of the trial court.

## The Petition

Petitioner brings this petition asserting seventeen grounds for review which have been grouped into the following general claims for analytical purposes: (1) his conviction was obtained

in violation of the Fourth Amendment, Texas procedural law, and the Texas Constitution; (2) he was denied effective assistance of counsel both at trial and on appeal; and (3) the evidence was factually and legally insufficient to support his conviction.

## The Response

The respondent has filed a response to the court's order to show cause why relief should not be granted. The respondent contends that petitioner's claims are without merit, and petitioner has failed to show that the state habeas court's denial of relief was objectively unreasonable. The respondent contends that the petition should be denied.

## Analysis

*Standard of Review*

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), signed into law on April 24, 1996. The new provisions, in part, prohibit a petitioner from relitigating issues that were adjudicated on the merits in State court proceedings, with two exceptions. 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Federal habeas relief from a state court's determination is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, __ S.Ct. __, 2011 WL 148587, at *11 (Jan. 19, 2011).

A determination of a factual issue made by a state court shall be presumed to be correct upon federal habeas review of the same claim. The petitioner shall have the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

   I.   *Fourth Amendment Claims*

Petitioner claims his conviction was obtained in violation of the Fourth Amendment, Texas procedural laws, and the Texas Constitution. First, petitioner claims that the state magistrate judge who signed the search warrant for his residence did not have a sufficient legal basis to conclude that probable cause existed to issue the search warrant, and the trial court abused its discretion when it denied his motion to suppress. Next, petitioner claims his conviction was obtained in violation of the Fourth Amendment, Texas procedural laws, and the Texas Constitution because the conviction was obtained in violation of the "knock and announce" rule because there was an insufficient basis for the police to conduct a "no-knock" entry.

Petitioner's claims that his conviction is in violation of the Texas Constitution do not present a claim for federal habeas relief. *Collier v. Cockrell*, 300 F.3d 577 n.5 (5th Cir. 2002). Further, to the extent petitioner attempts to raise claims under the Fourth Amendment as to the legality of the search and seizure, the respondent correctly notes that the claims are barred by *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). Where an applicant received a full and fair opportunity to litigate a Fourth Amendment claim in state court, he may not receive federal habeas

3

relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial. *Id.* at 494. Here, petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the trial court and on appeal. Accordingly, he is precluded from pursuing the claims on federal habeas review. Thus, petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Petitioner's claims should, therefore, be denied.

## II. *Ineffective Assistance of Counsel*

Petitioner first contends he was denied effective assistance of counsel at trial. Petitioner alleges that counsel failed to properly investigate the case, failed to interview potential witnesses, failed to make proper objections, failed to present valuable documents to the trial court, failed to properly challenge the constitutionality of the search warrant and supporting affidavit, failed to object to petitioner not being present at the suppression hearing, failed to request a jury charge regarding the legality of the search, and failed to challenge the untimely nature of the indictment.

Additionally, petitioner contends he was denied effective assistance of counsel on appeal. Petitioner claims appellate counsel was ineffective because he failed to raise a claim that trial counsel "failed to make crucial objections to preserve error for appeal, failed to raise any error related to the lack of an examining trial, failed to challenge the timeliness of the indictment and trial counsel's failure to file a motion to quash the indictment, failed to challenge trial counsel's inadequate effort to suppress the fruits of the search, and failed to assert the error related to petitioner not being permitted to attend the suppression hearing.

When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *See United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective a petitioner must demonstrate:

> first... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687. In order to prove the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009). "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Richter*, 2011 WL 148587, at *18.

A habeas petitioner must "affirmatively prove," not just allege, prejudice. *Day,* 556 F.3d at 536. If a petitioner fails to prove the prejudice part of the test, the court need not address the question of counsel's performance. *Id*. A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871 876 (5th Cir. 1989).

On direct appeal, the Court of Appeals for the Ninth District found that "[t]he evidence supporting the verdict is not too weak, nor is the contrary evidence so strong that the burden of proof could not be met. The evidence is legally and factually sufficient to support Boulard's conviction." *Boulard v. State*, No. 09-05-206-CR, at *7 (Tex. App. - Beaumont Apr. 19, 2006). The court further found: "Boulard does not point us to any evidence in this record indicating that the officers entered without knocking and announcing their presence, and we find none." *Id.* at *8.

On habeas review, the Texas Court of Criminal Appeals denied petitioner's application for writ of habeas corpus without written order based on the findings of the trial court. The trial court found that the facts asserted in counsel's affidavit, together with the contents of the official court records, demonstrate that the totality of the representation afforded to petitioner was sufficient to protect his right to reasonably effective assistance of counsel. Further, the court found that appellate counsel's representation was sufficient to protect his right to reasonably effective assistance of counsel. The court made the following conclusion of law: "The Petitioner has not stated sworn

facts, which if true, would justify granting the relief sought. Accordingly, no fact alleged would substantiate the petition and entitle him to relief." *Ex parte Boulard*, No. WR-49,991-03, at *2.

    *a.    Trial Counsel*

        i.    <u>Failure to Properly Investigate</u>

In his first three claims concerning trial counsel, petitioner claims counsel failed to conduct a proper investigation, interview witnesses, or make objections.

Trial counsel "has a duty to make a reasonable investigation of the defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson,* 126 F.3d 716, 723 (5th Cir. 1997). In order to determine the reasonableness of counsel's decision to limit the scope of his investigation under prevailing professional norms, the court analyzes such conduct as follows:

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland,* 466 U.S. at 690-91.

As with any ineffective assistance of counsel claim, the petitioner must show prejudice. Petitioner must prove that an alleged breach of his attorney's duty to investigate "resulted in an actual and substantial disadvantage to the course of his defense." *Baldwin v. Maggio,* 704 F.2d 1325, 1333 (5th Cir. 1983). "In order to satisfy the prejudice prong of *Strickland,* [a defendant] must show 'more than the mere possibility of a different outcome.' [He] must present 'evidence of sufficient quality

7

and force to raise a reasonable probability that,' had it been presented to the jury, the outcome would have been different." *United States v. Drones,* 218 F.3d 496, 504 (5th Cir. 2000) (citations omitted).

Complaints of uncalled witnesses are not favored in a federal habeas corpus court because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative. *McCoy v. Cabana*, 794 F.2d 177, 183 (5th Cir.1986); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir.1984); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983) ("... this Court has viewed with great caution claims of ineffective assistance of counsel where the only evidence of a missing witness' testimony is from the defendant.") "[W]hile a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance." *United States v. Cockrell*, 720 F.2d 1423, 1428 (5th Cir. 1983).

Petitioner's claims are largely unsubstantiated because he failed to describe what an investigation would have uncovered, or how his defense would have benefitted. In his state application, petitioner included a document from his mother stating that the drug dog initially failed to detect drugs in the bathroom, and ten minutes later the drugs were found in the bathroom. According to petitioner, this would have shown that the drugs were planted by the police officers.

Counsel's theory of defense was that the evidence was insufficient to prove that he possessed the drugs which were found in an area that was not in petitioner's sole control. This theory of defense was a viable theory. Petitioner's theory that the police planted the drugs, however, is not consistent with claiming the drugs were not under his control. Petitioner has failed to show that counsel's strategic decision to pursue the possession theory of defense was ineffective.

8

Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999). Further, petitioner has failed to show he was prejudiced by counsel's actions. Accordingly, the claim should be denied.

Petitioner has failed to show deficient performance on the part of counsel. Further, petitioner has failed to show how he was prejudiced regarding this claim. Accordingly, petitioner's claims should be denied.

### ii. Prosecutorial Misconduct

Next, petitioner contends counsel was ineffective for failing to lodge an objection to the prosecutor allegedly illicitly entering the jury deliberation room and interfering with jurors. Petitioner's claim is based on claims made by his sister as to her observations while sitting in a public hallway during jury deliberations. Petitioner's sister did not, however, actually observe the alleged misconduct occurring. Her observations call for speculation, and such unfounded speculation is not persuasive. *See West v. Johnson,* 92 F.3d 1385, 1399 (5th Cir.1996) (declining to order evidentiary hearing based on wholly conclusory allegations of prosecutor misconduct); *Baldwin v. Blackburn,* 653 F.2d 942, 947 (5th Cir. Unit A 1981) (holding that court will not blindly accept speculative and inconcrete claims as grounds for habeas relief). Accordingly, petitioner has failed to show counsel's performance was deficient. Further, petitioner has failed to show prejudice associated with this claim. Thus, petitioner's claim is without merit.

### iii. Failure to Present Documents

Petitioner claims counsel was ineffective for failing to present certain documents to the trial court. Petitioner claims there was a notarized affidavit from another suspect who purportedly took full responsibility for the drugs found. Petitioner, however, has failed to substantiate the existence of the alleged affidavit. Accordingly, petitioner has failed to show deficient performance, nor has he shown prejudice. Thus, the claim should be denied.

### iv. Suppression Issues

Petitioner asserts five claims concerning counsel's performance in challenging the search warrant and supporting affidavit. While counsel did challenge the search warrant, petitioner contends he was deficient because the affidavit in support of the search warrant was stale, the anonymous tip was unreliable, the state failed to bring him back before the magistrate who issued the search warrant, counsel did not further challenge the search warrant at trial, and counsel omitted certain legal arguments in a written motion to suppress that was filed with the court.

Petitioner has failed to assert the violation of a constitutional right with respect to his claims concerning the search warrant. Petitioner's assertions are based on an erroneous interpretation of state law and fail to show deficient performance of counsel. The state habeas court adopted the affidavit of trial counsel which stated in part the following:

> The release of the confidential informant and request of the informant to be at trial was discussed with Mr. Boulard. Legal sufficiency of the evidence, along with an attack of the Search Warrant, was always a trial strategy discussed with Mr. Boulard. It was determined that forcing the informant's testimony into the picture would not only aid in the finding of Probable Cause to support the affidavit in support of the Search Warrant, but would also aid the State in asserting and producing more affirmative links toward Mr. Boulard. This is evident in our decision to rest our case with no rebuttal and fight the case from a legally sufficient and fourth amendment point of view.

*Ex parte Boulard*, No. WR-49,991-03, at 144.

Counsel in this case pursued a reasoned trial strategy. Petitioner has failed to show any arguable basis on which counsel should have continued to object to the search and seizure. The continued pursuit of challenging the search warrant during trial would have allowed the state to introduce damaging evidence to support both the search warrant and petitioner's connection to the drugs. Thus, petitioner has failed to show deficient performance. Further, petitioner has failed to show prejudice relating to the claims. Accordingly, petitioner's claims should be denied.

      v.      Failure to Object to Petitioner's Absence

Additionally, petitioner complains counsel failed to object to petitioner not being present at the suppression hearing. Petitioner contends he was denied the right to confront the witnesses. Here, however, the suppression hearing was conducted between *voir dire* and the trial on the merits. A review of the record shows that petitioner was present during *voir dire* and at the beginning of the trial. *See* Reporter's Record, Vol. 2 at p. 4 and Vol. 4 at p. 3. There is no indication petitioner was not present during the hearing. Petitioner's conclusory allegation is unsupported. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982). Further, counsel is not ineffective for failing to raise meritless objections. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite").

Additionally, petitioner's claim is without merit. Here, petitioner was not denied the right to face those who testified against him in the suppression hearing and cross-examine the witnesses because no witnesses were present at the hearing. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987). Thus, there was no violation of the Confrontation Clause.

Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, petitioner's grounds for review should be denied.

vi.   Failure to Resubmit Issue

Petitioner claims counsel provided ineffective assistance of counsel because he failed to request a jury charge regarding the legality of the search.

For the reasons set forth above, petitioner has failed to show that counsel's performance was deficient regarding the search and seizure issues he now pursues. As petitioner's claims are not meritorious, counsel's failure to submit a jury charge on the issue was not deficient performance. *See Clark*, 19 F.3d at 966 ("[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite"). Further, petitioner has failed to show prejudice resulting from counsel's failure to request a jury charge on the issue. Accordingly, petitioner's claim should be denied.

vii.   Failure to Challenge Untimely Nature of Indictment

Petitioner claims counsel provided ineffective assistance by failing to challenge the untimely nature of the indictment. Petitioner contends Texas law requires the dismissal of his prosecution, with prejudice, because he was not indicted before the grand jury term in which he was arrested had expired. Petitioner relies on the state case of *Nguyen v. States*, 882 S.W.2d 471 (Tex. App. - Houston 1994).

The Texas Court of Criminal Appeals subsequently held that the enforcement provision of the statute in question, Article 28.061, was unconstitutional and an indictment could not be

dismissed with prejudice. *Ex parte Young*, 213 S.W.3d 327, 332 (Tex. Crim. App. 2006). Accordingly, the intermediate appellate court decision in *Nguyen* is not authority. Thus, petitioner's claim is without merit. Further, petitioner has failed to show prejudice regarding the claim.

For the reasons set forth above, petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, petitioner's claims concerning trial counsel should be denied.

  b.  *Appellate Counsel*

Next, petitioner contends he was denied effective assistance of counsel on appeal. Petitioner asserts appellate counsel was ineffective because he failed to properly review the entire record and failed to consult with petitioner concerning possible grounds to be raised on direct appeal. Additionally, petitioner claims counsel failed to make informed decisions and raise meritorious arguments on direct appeal. Petitioner claims appellate counsel was ineffective because he failed to raise a claim that trial counsel "failed to make crucial objections to preserve error for appeal, failed to raise any error related to the lack of an examining trial, failed to challenge the timeliness of the indictment and trial counsel's failure to file a motion to quash the indictment, failed to challenge trial counsel's inadequate effort to suppress the fruits of the search, and failed to assert the error related to petitioner not being permitted to attend the suppression hearing.

Persons convicted of a crime are entitled to effective assistance of counsel in their first appeal of right. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Green v. Johnson,* 160

13

F.3d 1029, 1043 (5th Cir.1999). The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001). On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available. *Green v. Johnson,* 160 F.3d at 1043. Rather, it means that counsel must have performed in a reasonably effective manner. *Id.* To demonstrate prejudice, the petitioner must "establish a reasonable probability that, but for [appellate] counsel's unprofessional errors, the result of the proceeding would have been different." *Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006).

On appeal, counsel raised the following arguments:

Issue No. 1: The evidence is legally and factually insufficient to support the verdict of guilty to possession of a controlled substance, thus violating Appellant's due process rights under the 5th and 14th Amendments to the United States Constitution, Article I, Section 19 of the Texas Constitution and Article 1.04 of the Texas Code of Criminal Procedure.

Issue No. 2: The trial judge erred by admitting evidence obtained in violation of the Fourth and Fourteenth Amendment to the United States Constitution, the Texas Constitution and Article 38 of the Texas Code of Criminal Procedure.

On state habeas review, the trial court found that based on a review of the record, "the Court finds that [appellate counsel] Mr. Papania's representation during the appellate process was sufficient to protect his right to reasonably effective assistance of counsel." *Ex parte Boulard*, No. WR-49,991-03, at 3.

Section 2254(d), which bars federal habeas courts from issuing relief to a state prisoner unless a state court's adjudication on the merits of a prisoner's claim resulted from an unreasonable legal or factual conclusion, applies even when, as here, the state court's decision is unaccompanied by an opinion explaining the reasons relief has been denied. *See Richter*, 2011 WL 148587, at *9.

14

Under the AEDPA, a determination of a factual issue made by a State court shall be presumed to be correct, and the petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. In *Murphy v. Johnson*, the Fifth Circuit expressed that "[a] full and fair hearing does not necessarily require live testimony." *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000). The burden to rebut the presumption of correctness remains on Petitioner even if the state "hearing was a 'paper' hearing and may not have been full and fair." *Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004) (citing *Valdez v. Cockrell*, 274 F.3d 941, 950-51 (5th Cir. 2001). The presumption of correctness also applies to mixed questions of law and fact. *Valdez*, 274 F.3d at 948 n. 11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Findings of fact may be implied from conclusions of law. *See Goodwin v. Johnson*, 132 F.3d 162, 183-84 (5th Cir. 1997).

Appellate counsel has no duty to bring frivolous claims on appeal; and the opposite is also true. *See United States v. Burleson,* 22 F.3d 93, 95 (5th Cir. 1994). There is no constitutional right for appellate counsel to pursue nonfrivolous points as requested by his client if counsel makes a professional judgment not to present those points. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

Here, petitioner's claims are conclusory. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang*, 691 F.2d at 798. Petitioner has failed to show counsel's performance was deficient for failing to bring frivolous claims on appeal. Further, petitioner has failed to show how he was prejudiced. Thus, petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court of the United States or that the adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, petitioner's grounds for review concerning appellate counsel should be denied.

  III.  *Insufficient Evidence*

  Petitioner claims the evidence is both legally and factually insufficient to sustain the conviction against him. Contentions regarding factual insufficiency of the evidence are strictly matters of state law, not federal Constitutional law, and cannot support relief in a federal habeas case. *See Pemberton v. Collins*, 991 F.2d 1218, 1224 (5th Cir. 1993). Accordingly, petitioner's factual sufficiency challenges cannot be considered by this Court.

  Petitioner's legal sufficiency challenge, however, does raise a cognizable federal habeas claim. In federal habeas proceedings, the sole consideration regarding sufficiency of the evidence is set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This standard requires only that the court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. In conducting such review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the prosecution. *Weeks v. Scott,* 55 F.3d 1059, 1061 (5th Cir. 1995). All credibility choices and conflicting inferences are to be resolved in favor of the verdict. *Ramirez v. Dretke,* 398 F.3d 691, 695 (5th Cir. 2005). Moreover, federal courts are obliged to pay great deference to the state appellate court's analysis of the evidence and its

determination concerning the sufficiency of the evidence to uphold the verdict. *Callins v. Collins,* 998 F.2d 269, 276 (5th Cir. 1993).

In this case, petitioner asserts the evidence is legally insufficient to convict him of the charges against him. However, petitioner's argument is no more than a disagreement with the decision of the jury. The evidence produced at trial, when viewed in the light most favorable to the prosecution, is sufficient for the trier of fact to have found petitioner guilty of the charged offense.

The state appellate court found sufficient evidence linking petitioner to the contraband, including that the officers testified petitioner was in the house, the other occupants of the residence were physically or mentally challenged so that it would likely be difficult for them to reach the places where the drugs were found, and men's clothing of plaintiff's size was found in the bathroom where the drugs were found. *Boulard v. State*, No. 09-05-206 CR, slip op. at 4-7 (Tex. App -- Beaumont Apr. 19, 2006). Having independently reviewed the state court record, this court finds nothing unreasonable in the state court's application of clearly established federal law or in its determination of facts in light of the evidence. Thus, the evidence is sufficient to support petitioner's conviction under *Jackson.* Accordingly, petitioner's ground for review concerning the sufficiency of the evidence should be denied.

Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, petitioner's claims should be denied.

## ORDER

For the reasons set forth above, petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, this petition for writ of habeas corpus should be denied. A final judgment will be entered denying the petition in accordance with this memorandum.

**SIGNED** this the **17** day of **February, 2011.**

_____
Thad Heartfield
United States District Judge